## Case No. 8,634.

### In re LYNCH et al.

[7 Ben. 26.] [1]

District Court, S. D. New York. Oct., 1873.

RENT OF BANKRUPT'S PREMISES AFTER AN INJUNCTION IN BANKRUPTCY—OCCUPATION BY MARSHAL—ALLOWANCE TO LANDLORD.

Where summary proceedings for dispossession under the statutes of the state of New York were taken by a landlord, and the tenants, pending the proceedings, were put into bankruptcy, and the proceedings in the state court were enjoined: *Held*, that the landlord was not necessarily entitled to rent. on the terms of the lease, from the date of the service of the injunction to the date of the adjudication of bankruptcy; that he was not to prove his debt for the rent for the period, as a general creditor, but must be paid by the assignee a proper allowance on application to the court; and that the same rule applied to the period after the adjudication, before the landlord regained possession of the premises.

[Cited in Re Lucius Hart Manuf'g Co., Case No. 8,592; Re Ives, Id. 7,116.]

A. leased premises to Lynch & Bernstein at $8,000 a year, payable quarterly. On a default of payment he commenced summary proceedings, under the statutes of the state of New York, to dispossess them, on April 9th, 1873, before the end of the first year. Two days afterwards a petition was filed to put L. & B. into bankruptcy; and A., and the magistrate before whom the dispossessing proceedings were pending, were that day enjoined by the bankruptcy court from any further proceedings till further order of said court. The marshal took possession of the premises and the property therein, under the warrant, on April 19th, and continued in possession till the property was sold, on April 29th; and the landlord did not obtain possession of the premises till May 1st. At the request of counsel, the register certified, for the decision of the court, the question, whether the landlord was entitled to be paid, out of the assets of the bankrupts, the rent in full, of said premi-

ses, from the 11th of April, when he was enjoined from taking proceedings to recover possession of said premises, or only from the 19th of April, when said tenants were adjudged bankrupts.

BLATCHFORD, District Judge. The landlord is not entitled necessarily, as a question of law, to full rent of the premises, from the date of service of the injunction to the date of the adjudication, at the rent prescribed by the lease. What compensation he is entitled to, if any, for such period, or for any period subsequent to the adjudication, is not presented for decision on the certificate.

The register subsequently certified to the court, by request of counsel and on the same facts, the questions: Is the landlord to prove his debt for the rent from April 11th to the adjudication, as a general creditor, or is he to be paid in full under the lease, or how is he to be compensated for rent during that period? How is he to be compensated for rent from April 19th to May 1st, when he recovered possession?

BLATCHFORD, District · Judge. 1. The landlord is not to prove his debt for the rent from April 11th to the adjudication, as a general creditor, and is not necessary to be paid at the rate in the lease, and is to be compensated for the use of the premises during that period by applying to the court and having a proper allowance made and paid by the assignee. in view of all the facts in the case.

2. The same rule applies to the period from April 19th to May 1st.